IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MICHAEL CREDICO | : | CIVIL ACTION |
| v. | : | |
| JAMES MILLIGAN<br>UNKNOWN ICE AGENT<br>ALL OTHER JANE/JOHN DOES | : | NO. 13-4111 |

**MEMORANDUM**

SANCHEZ, J.                                               JULY 24, 2013

Plaintiff Justin Michael Credico, who seeks to proceed in forma pauperis, brought this action against James Milligan, an agent of the Federal Bureau of Investigation; an "unknown ICE agent"; and "all other Jane/John Does." The Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint as frivolous because the Court cannot discern a legal basis for a claim.

**I. FACTS**

Plaintiff alleges that he "decided to design an idea for a computer C++ program to do rotation cleartext encryption, [which he claims to have] sent to the . . . defendant(s) to initiate APA approval in a sense." (Compl. ¶ II.D.) Plaintiff claims that "the agents attempted to use [his] encryption expressive idea as a means to establish mental health, which is violations of the 1st amendment for negligent attempt of doing so along with the restrictive nature of the agent's actions." (Id.) Plaintiff also alleges that "this violates free trade since encryption makes 'human readable' text know[n] as plaintext to ciphertext."

1

(Id.) Plaintiff further explains that his code can be "found on a programming message board," which apparently establishes that "the idea is proved and not delusional or made up." (Id.)

Based on those allegations, plaintiff claims that the defendants interfered with "free trade," violated his right to free speech, and violated "free learning." (Compl. ¶ III.) He seeks (1) "declaratory relief of asylum certification to either Spain, Germany, Russia, [or] Ecuador"; (2) "injunctive relief making rotation cleartext a safe import/export per the munitions lists until further rulings"; (3) damages in the amount of $300,000; (4) additional declaratory relief with respect to making cleartext a safe import/export; and (5) "[i]njunctive relief of certifications of loss of nationality forms to be delivered to plaintiff from the Consular Affairs Offices" of the previously mentioned countries. (Id. ¶ V.)

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is legally baseless if it is "based on an indisputably meritless legal theory," Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the

level of the irrational or the wholly incredible." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

### III. DISCUSSION

Plaintiff's complaint is rambling and full of obscenities.[1] After having repeatedly reviewed the complaint, the Court cannot discern a clear, logical, or legitimate basis for a non-frivolous claim against the defendants. Plaintiff will not be given leave to amend because amendment would be futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as frivolous. An appropriate order follows.

---

[1] Plaintiff's use of certain language in his complaint is outrageous and disrespectful to the Court. For instance, he alleges that (1) the code he allegedly created is "not delusional or made up whether your bullshit govt wants to admit it or not"; (2) the "fucktard fed govt thought [he] was full of shit"; and (3) he "told the U.S. govt to go fuck itself . . . so go fuck yourselves and burn in hell your govt is a bunch of cover-up lying pieces of shit." Plaintiff is put on notice that, if he continues to use such language in his filings in this or other cases before the Court, the Court will strike the offensive portions of his filings and/or consider sanctions, if sanctions are warranted. See <u>Collura v. City of Phila.</u>, Civ. A. No. 12-4398, 2012 WL 6645532, at *3 & **7-8 (E.D. Pa. Dec. 21, 2012).